UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOSE RIVAS,

                Plaintiff,

     -against-

US ECOLOGY, INC., f/k/a ALLSTATE POWER VAC, INC.,
ALLSTATE POWER VAC, INC., and EQ INDUSTRIAL
SERVICES CO., individually,

                Defendants.
---------------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff Demands a Trial
By Jury

Plaintiff Jose Rivas, by his attorneys, Arcé Law Group, P.C., hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e et seq. ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 et seq. ("ADA") and the Family Medical Leave Act ("FMLA"); and to remedy violations of the laws of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibb* 38 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by his employer on the basis of his disability and/or perceived disability, together with retaliation and unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 1343, and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that Plaintiff was an employee within the Eastern District of the State of New York, and the discriminatory actions occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about November 12, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about July 24, 2015, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is being brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a resident of the State of New York, County of the Bronx.

9. At all times material, US ECOLOGY, INC., f/k/a ALLSTATE POWER VAC, INC., (hereinafter also referred to as "US ECOLOGY") was and is a foreign profit corporation duly incorporated under the laws of the State of Idaho.

10. At all times material, US ECOLOGY was and is a foreign profit corporation authorized to conduct business in the State of New York.

11. Defendant US ECOLOGY was and is a foreign profit corporation which does conduct business in the State of New York.

12. At all times material, ALLSTATE POWER VAC, INC., (hereinafter also referred to as "ALLSTATE") was and is a foreign profit corporation duly incorporated under the laws of the State of New Jersey.

13. At all times material, ALLSTATE was and is a foreign profit corporation authorized to conduct business in the State of New York.

14. Defendant ALLSTATE was and is a foreign profit corporation which does conduct business in the State of New York.

15. At all times material, EQ INDUSTRIAL SERVICES, INC. (hereinafter also referred to as "EQ INDUSTRIAL") was and is a foreign profit corporation duly incorporated under the laws of the State of Michigan.

16. At all times material, EQ INDUSTRIAL was and is a foreign profit corporation authorized to conduct business in the state of New York.

17. At all times material, EQ INDUSTRIAL was and is a foreign profit corporation which does conduct business in the State of New York.

18. At all times material, Defendant ALLSTATE was and is a wholly owned subsidiary of Defendant US ECOLOGY.

19. At all times material, Defendant EQ INDUSTRIAL was and is a wholly owned subsidiary of Defendant US ECOLOGY.

20. Defendant US ECOLOGY, Defendant ALLSTATE, and Defendant EQ INDUSTRIAL are hereinafter collectively referred to as "Defendants."

21. At all times material, Defendant US ECOLOGY, Defendant ALLSTATE, and Defendant EQ INDUSTRIAL were Plaintiff's joint employers.

22. Defendant US ECOLOGY, Defendant ALLSTATE, and Defendant EQ INDUSTRIAL are hereinafter also referred to as Defendant ALLSTATE.

23. At all times material, Plaintiff was an employee of Defendants.

24. At all times material, Plaintiff was a qualified employee under FMLA.

## MATERIAL FACTS

25. On or about July 13, 2010, Plaintiff began working for Defendants as a "Driver / Operator" at its 180 Varick Avenue, Brooklyn, New York location.

26. At all times material, Plaintiff drove a company truck provided by Defendants.

27. During Plaintiff's employment with Defendants, one of Plaintiff's responsibilities was to perform a visual inspection of this truck prior to operating it. At the end of Plaintiff's shift, he would submit a "Pretrip Report" to Defendants.

28. On or about May 21, 2014, May 22, 2014, and May 26, 2014, at the end of each respective shift, Plaintiff submitted a "Pretrip Report" in a designated box in the dispatch office. The reports stated that the clutch in the company truck needed repair.

29. In or around May 2014, Plaintiff told Gonzalo Baez, a mechanic for Defendants, that the clutch in the company truck needed repair.

30. On or about May 29, 2014, Plaintiff was operating Defendants' company truck when it flipped over, causing Plaintiff substantial back, shoulder, neck, and knee injuries.

31. On or about May 30, 2014, although Plaintiff was not scheduled to work, he briefly went to Defendants' place of business in order to sign an incident report concerning the truck accident.

32. On or about June 3, 2014, Plaintiff was evaluated by Shreeda Sheth, a general physician assistant who worked for Defendants' doctor. Ms. Sheth told Plaintiff that he would need physical therapy three to four times per week for the next four weeks to help him recover from his injuries from the truck accident.

33. On or about June 9, 2014, Plaintiff's own Chiropractor found that Plaintiff was not in suitable physical condition to return to work and scheduled Plaintiff for a reevaluation in one month. Plaintiff's chiropractor provided him with a note excusing Plaintiff from work. Plaintiff emailed this note to Defendants' Health and Safety Manager, Alfonso Guerrero.

34. Plaintiff's Doctor's note also constituted a request for FMLA leave.

35. That same day, on or about June 9, 2014, Plaintiff was reevaluated by Ms. Sheth, who disagreed with Plaintiff's Chiropractor (although not a regular doctor herself), stating that Plaintiff was in suitable condition to return to work. Ms. Sheath restricted Plaintiff's activity to only sedentary work beginning the following day, June 10, 2014. She also scheduled Plaintiff for a reevaluation on June 16, 2014. Ms. Sheath never contacted Plaintiff's Chiropractor in order to discuss their conflicting evaluations.

36. On or about June 9, 2014, dispatcher Ernesto Priego called Plaintiff and notified him that he was put on the work schedule on June 10, 2014 for light work duty. Because Plaintiff was not supposed to be on regular duty as per his Chiropractor's evaluation, Plaintiff called Mr. Guerrero to ask him if he had received Plaintiff's Chiropractor note excusing him from work completely for one month. Mr. Guerrero replied that he would contact the main office of Defendant ALLSTATE in Rahway, NJ.

37. On or about June 10, 2014, Mr. Priego called Plaintiff and told him to be at the office by 12:00 p.m. to speak to the General Manager, Glenn Burke, or he will be fired. Plaintiff

showed up for his appointment with Mr. Burke at 11:30 a.m. and found out that Mr. Burke was not in the office. Plaintiff instead met with Alfonso Guerrero, and again provided him with a copy of Plaintiff's Chiropractor note.

38. Immediately thereafter, Plaintiff spoke to Janice (last name currently unknown), a secretary for Defendants. Janice called Mr. Burke to ask about Plaintiff's work schedule. Mr. Burke told Janice that Plaintiff was cleared for light duty as per the company's physician assistant, and that he was supposed to return to work. Plaintiff asked Janice to inform Mr. Burke that he was not supposed to return to work per the instruction and letter from his Chiropractor. Mr. Burke disregarded the note and told Janice that if Plaintiff refuses to return to work he will be fired.

39. Defendants failed to properly engage in the interactive process.

40. Defendants ignored Plaintiff's request for a reasonable accommodation.

41. On or about June 10, 2014, Defendants terminated Plaintiff.

42. On or about June 10, 2014, Defendants terminated Plaintiff because of his disability and/or perceived disability.

43. On or about June 10, 2014, Defendants terminated Plaintiff because he requested a reasonable accommodation and/or FMLA leave.

44. On or about June 10, 2014, Defendants terminated Plaintiff so they would not have to provide him with a reasonable accommodation and/or FMLA leave.

45. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered and continues to suffer severe emotional distress and physical ailments.

47. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

48. As Defendants' conduct has been malicious, willful, outrageous, and conduced with full knowledge of the law, Plaintiff demands Punitive Damages against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")
## DISCRIMINATION

49. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

50. Plaintiff claims the Defendants violated Titles I and V of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq. Section 12112 specifically states:

   a. General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

51. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT
## RETALIATION and INTERFERENCE

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Section 42 U.S.C. §12203 provides:

    a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b) Interference, coercion, or intimidation: It shall be an unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

54. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## UNDER TITLE VII
## DISCRIMINATION

55. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended for relief based upon the unlawful employment practice of the above-named Defendants. Plaintiff complains of Defendants violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's disability and/or perceived disability, together with creating a hostile work environment, unlawful termination, and failure to provide a reasonable accommodation.

## AS A FOURTH CAUSE OF ACTION
## UNDER TITLE VII
## RETALIATION

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e- 3(a) provides that it shall be an unlawful employment practice for an employer:

"(1) to...discriminate against any of his employees... because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

59. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants and for requesting a reasonable accommodation.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE FAMILY MEDICAL LEAVE ACT
## RETALIATION and INTERFERENCE

60. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. §2615 of the Act states as follows:

   a. Interference with rights

   1)   Exercise of rights. It shall be unlawful for any employer to interfere with, retrain, or deny the exercise of or the attempt to exercise, any right provided under this

subchapter.

2)  Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

62. Defendants interfered with Plaintiff's rights under the above sections, discriminated against Plaintiff, and terminated Plaintiff from his employment for exercising his FMLA right to take leave, and in order to interfere with Plaintiff's right to take further FMLA qualified leave.

### AS A SIXTH CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

63. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. Executive Law § 296 provides that

"It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

65. Defendants engaged in unlawful discriminatory practice by discriminating against the Plaintiff because of his disability and/or perceived disability, together with failure to reasonably accommodate and failure to engage in the interactive process.

## AS A SEVENTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

68. Defendant engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against Plaintiff, including, but not limited to terminating Plaintiff's employment, because he opposed Defendants' unlawful actions and because he requested a reasonable accommodation.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

69. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived . . . . disability and/or perceived disability . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

71. Defendant engaged in an unlawful discriminatory practice in violation of New York City

Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of his disability and/or perceived disability and for requesting a reasonable accommodation, together with failure to reasonably accommodate and failure to engage in the interactive process.

## AS A NINTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. New York City Administrative Code Title 8-107(7) provides that:

> "It shall be unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

74. Defendants engaged in an unlawful and retaliatory discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to, terminating Plaintiff's employment.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by Title VII, the Americans with Disabilities Act, The Family Medical Leave Act and The New York Executive Law; and that the Defendants harassed and discriminated against Plaintiff on the basis of his disability and/or perceived disability, together with failure to engage in the

interactive process, retaliation for requesting a reasonable accommodation, and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff FMLA- liquidated damages;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
September 17, 2015

                              **ARCÉ LAW GROUP, P.C.**
                              Attorneys for Plaintiff

By: _____

                              Bryan S. Arce, Esq.
                              30 Broad St., 35th Floor
                              New York, NY 10004
                              (212) 248-0120